859 F.2d 150
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Claude A. HOERNER, Vietnam Veterans of America, Inc., Lorie
Leigh Pena, Anthony R. Decker, Robert K. Craddock, Jr.,
plaintiffs on behalf of themselves and all others similarly
situated, Plaintiffs-Appellants,
v.
UNITED STATES VETERANS ADMINISTRATION, Thomas K. Turnage,
Administrator of Veterans Affairs, Defendants-Appellees.
 No. 88-3052.
 United States Court of Appeals, Fourth Circuit.
 Argued July 8, 1988.
Decided Sept. 9, 1988.
 
 David Taylor Case Karla J. Letsche, Jeffrey B. Maletta, Ross A. Nabatoff, Kirkpatrick & Lockhart, Barton F. Stichman, Julia A. Trotter, Vietnam Veterans of America on brief for appellants.
 Robert David Kamenshine (John R. Bolton, Assistant Attorney General, Breckinridge L. Willcox, United States Attorney, William Kanter, Department of Justice on brief) for appellees.
 Before HARRISON L. WINTER, Chief Judge, and MURNAGHAN and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 The United States Veterans Administration (the VA) in the year 1986 reduced benefits under the Vocational Rehabilitation[1], Educational Assistance ("GI Bill")[2], and Assistance to Dependents and Survivors[3] programs by 13.1, 8.7, and 8.7%, respectively, in response to a presidential directive in turn mandated by the Gramm-Rudman Act.[4] Plaintiffs below were four affected individual veterans and the Vietnam Veterans of America, Inc. They brought this action demanding a declaratory judgment that the VA acted illegally and demanding reimbursement for the reduction of benefits. The plaintiffs alleged that the agency's promulgation and implementation of the Notice of Benefit Reductions cutting benefits for these education and training programs violated their rights to due process and equal protection, and that the VA had acted beyond its statutory authority and violated the rule making provisions of the Administrative Procedure Act. 5 U.S.C. Sec. 553.
 
 
 2
 The district court, holding that the veterans' complaint stated no cause of action, granted the VA's Fed.R.Civ.P. 12(c) motion to dismiss and the veterans bring this appeal. The VA, prior to argument before us, moved that this appeal be dismissed and transferred to the Federal Circuit but withdrew its motion after the United States Supreme Court decision in Bowen v. Massachusettes, 56 U.S.L.W. 4878 (U.S. June 29, 1988). We agree that Bowen v. Massachusetts supports the veterans' previously stated position that we have jurisdiction,[5] but on the merits affirm the district court's dismissal of their action.
 
 
 3
 The President, acting under authority of the Gramm-Rudman Act[6], required the Veterans Administration to reduce its expenditures by withholding 4.3% of appropriated, but unobligated, funds by March 1, 1986.[7] The VA responded to the presidential order by publishing a "Notice of Benefit Reductions" in the Federal Register indicating that it would reduce benefits in indicated programs.[8] With regard to the Vocational Rehabilitation program, for example, the VA explained this reduction as follows:
 
 
 4
 This reduction will affect both retroactive payment authorizations and recurring payment obligations. If a veteran's enrollment period overlaps March 1, 1986, and the VA approves an award of benefits during the period beginning on March 1, 1986, and ending on September 30, 1986, the veteran would receive reduced payments for all training completed before the award action as well as that due for future months included in the authorization, not beyond September 30, 1986.
 
 
 5
 If the VA approves an award before March 1, 1986, in the same situation, only those payments due the veteran for training completed during the period beginning on March 1, 1986, and ending on the last day of the award, not beyond September 30, 1986, will be reduced 13.1 percent.
 
 
 6
 51 Fed.Reg. at 9575-76.
 
 
 7
 In effect, this called for reduction of benefits "awarded" on or after March 1, 1986, based on the date an "award letter" was issued by the agency. Underlying each of the veterans' statutory and constitutional arguments is their contention that the date of the "award letter" bears no relationship to the dates when their rights to the benefits became irrevocable. They urge, in effect, that by statute they obtained a property right in specific amounts of benefits when they enrolled in a course of study and that the "award letter" (usually given later) merely confirmed that right.[9]
 
 
 8
 The district court found no validity to any of the veterans' arguments. As to their equal protection contention, it held that the VA's action, involving no suspect or invidious classification, was to be viewed under the "rational basis" equal protection test and that it was a rational response to the requirements placed by Congress on all agencies of government. In determining the veterans' due process allegations it considered the private interest affected by the decision, the risk of erroneous deprivation of such interest, and the government interest, and found no due process violation. The court contrasted the findings necessary for an adjudication or alteration of an individual benefit with the agency's congressionally mandated uniform Gramm-Rudman reductions of all the programs it administered. We think the district court correctly dismissed the veterans' equal protection and due process claims.
 
 
 9
 The Administrative Procedure Act, of course, generally contemplates that agency implementation of congressional directions be subject to the rule-making requirements of the Act. Batterton v. Marshall, 648 F.2d 694 (D.C.Cir.1980). By enacting the Gramm-Rudman Act, however, Congress intended to achieve immediate budget reductions in every agency of government. Regardless of whether the benefits exception[10] relieved the VA from the rule making requirements of the Administrative Procedure Act, Congress obviously did not intend for its urgent mandate to be delayed by countless individualized objections to these budgetary actions that would have been probable had the reductions been subject to the rule-making provisions of the Administrative Procedure Act. We think the district court correctly determined this and likewise agree that the VA complied with the Gramm-Rudman requirements of reducing only unobligated funds.
 
 
 10
 In view of the above, the judgment of the district court is affirmed.
 
 
 11
 AFFIRMED.
 
 
 
 [1]
 38 U.S.C. Sec. 1500-1521
 
 
 [2]
 38 U.S.C. Sec. 1651-1692
 
 
 [3]
 38 U.S.C. Sec. 1700-1766
 
 
 [4]
 Balanced Budget and Emergency Deficit Control Act of 1985, Pub.L. No. 99-177, 99 Stat. 1038 (1985), codified at 2 U.S.C. 901 et seq
 
 
 [5]
 Prior to argument the VA asserted that since the veterans sought monetary awards, they must pursue their action in the Federal Circuit under the provisions of the Tucker Act, 28 U.S.C. Sec. 1346(a)(2). In Bowen v. Massachusetts, however, the Supreme Court held that section 702 of the Administrative Procedure Act, denying district courts review jurisdiction in actions against federal agencies seeking money damages, does not apply to a state suit in the nature of an equitable action seeking reimbursement for disallowance of contributions to a state's Medicaid program. The court also held that section 704 of the Administrative Procedure Act did not bar district court review since the relief available under the Tucker Act would not have provided an adequate remedy
 
 
 [6]
 2 U.S.C. Sec. 901-922
 
 
 [7]
 51 Fed. Reg. 4291 (1986). Congress subsequently ratified the President's order for 1986. Pub.L. No. 99-366, 100 Stat. 773 (1986)
 
 
 [8]
 51 Fed. Reg. 9575 (1986)
 
 
 [9]
 The veterans object not to reductions for enrollments after March 1, 1986, but only to the reduction of benefits for programs in which they enrolled prior to March 1, 1986, but did not receive "award letters" until after that date. For example, if a veteran enrolled in a school on January 2, 1986, and received an award letter on March 2, 1986, his or her benefits were subject to the stated percentage reduction from January forward
 
 
 [10]
 5 U.S.C. Sec. 553(a)(2) excepts from the rule making requirement of the Administrative Procedure Act "a matter relating to agency management or personnel or to public property, loans, grants, benefits, or contracts."